# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-2521

_____

United States of America

*Plaintiff - Appellee*

v.

Matthew Lee Klopfenstine

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: February 15, 2013
Filed: March 4, 2013

_____

Before RILEY, Chief Judge, LOKEN and SHEPHERD, Circuit Judges.

_____

RILEY, Chief Judge.

A jury convicted Matthew Klopfenstine of producing child pornography, in violation of 18 U.S.C. § 2251(a) and (e). Klopfenstine challenges the district court's[1]

_____

[1]The Honorable Nanette Laughrey, United States District Judge for the Western District of Missouri.

failure sua sponte to dismiss a juror for cause after the juror arguably expressed an inability to consider the evidence against Klopfenstine impartially. Because Klopfenstine admittedly failed to raise this objection during the jury selection process, he has waived the issue, intentionally relinquishing or abandoning a known right. See United States v. Johnson, 688 F.3d 494, 501 (8th Cir. 2012) (deciding "failing to object to the seating of [a j]uror . . . during voir dire [equates to] 'intentional[] relinquish[ment] or abandon[ment of] . . . a known right,'" waiving any challenge to the seating of a juror on appeal (quoting United States v. Olano, 507 U.S. 725, 733 (1993))).[2]

The subject juror's answers, which are now challenged on appeal, were heard and addressed by the district court and defense counsel during voir dire without defense counsel either asking the trial court to strike the juror for cause or exercising a peremptory strike to remove the juror. Jury selection is driven by the strategy of legal counsel, and while that strategy often is not much more accurate than reading tea leaves, we will not review that strategy on direct appeal without the juror qualification issue being raised in a timely manner.

We affirm.

———————————————————

———————————

[2]Klopfenstine argues Johnson is not controlling because Johnson conflicts with United States v. Mann, 685 F.3d 714, 719-20 (8th Cir. 2012), and was decided two weeks after Mann. Johnson analyzed and rejected Mann as being inconsistent with earlier precedent. See Johnson, 688 F.3d at 501 & n.5 (citing United States v. Pennington, 168 F.3d 1060, 1067 (8th Cir. 1999); Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (en banc)). Mann, without comment, adopted plain error review and did not discuss the waiver issue. Mann, 685 F.3d at 719. We reject Klopfenstine's argument.